## HALES v. BOARD OF EDUCATION OF JORDAN SCHOOL DIST. et al.

No. 5191. Decided January 27, 1933. (18 P. [2d] 899.)

*Wm. Waters*, of Midvale, and *E. R. Christensen*, of Salt Lake City, for appellant.

*Ingebretsen, Ray & Rawlins*, of Salt Lake City, for respondents.

FOLLAND, J.

The plaintiff as a taxpaying resident of the Jordan school district, brought this suit to restrain the board of education

of the Jordan school district from carrying out the terms of a contract with the defendant Paul Paulsen for the erection of a high school building at Copperton in Salt Lake county, Utah. Separate general demurrers to the complaint were by the trial court sustained, and the action dismissed. The plaintiff appeals, and assigns error in the sustaining of the demurrers and dismissal of the action.

Only two questions are presented on this appeal. The first involves the power of the school board to establish and maintain a high school within twelve miles of another high school already maintained by it in the same school district. The second question is whether or not the school board may advertise for bids for the erection of a school building without first having had its plans and specifications approved by the state superintendent of public instruction.

The complaint alleges that the plaintiff is a taxpaying resident of the town of Bingham in the Jordan school district; that the defendant board of education is a corporation of the state of Utah by virtue of law, and that the individual defendant is a resident of Salt Lake county, Utah; that there is now maintained by the board of education a high school at Bingham and another one at Sandy, which schools are more than twelve miles apart; that, for the purpose of changing the location of the high school from the town of Bingham to the town of Copperton, the board of education has pretended to enter into a contract with the individual defendant for the erection of a school building to be used and maintained as a high school on certain described property across the state highway from the town of Copperton, which town it is alleged is privately owned by the Utah Copper Company and its agents, and within twelve miles of a high school located at Sandy; that the board of education advertised that up to and including July 26, 1930, at 9 o'clock a. m., it would receive bids for the erection of such school building; that on said day it opened the bids received at a meeting of said board and adjourned its meeting without either rejecting all the bids or awarding a con-

tract to any of the bidders; that on said day the board had failed, neglected, and refused to file a copy of its plans and specifications of such building with the state superintendent of public instruction and had failed to ask for or receive the approval by such officer of such plans and specifications; that on the 4th of August, 1930, the plans and specifications of such building were by the board of education filed with the state superintendent of public instruction and were on the 7th of August approved by such officer; that on the 16th day of August, 1930, the defendant board of education entered into a contract with the individual defendant whereby the individual defendant contracted and agreed to erect a high school building on the lands described at Copperton, Utah, in accordance with the plans and specifications so approved by the state superintendent of public instruction for the sum of $222,800, which contract was awarded in pursuance of a bid received from the individual defendant by the defendant board of education on the 26th of July, 1930. It is then alleged such contract is void for the reason that the board of education had no power or right to advertise for bids or receive bids before having had the plans and specifications of such building approved by the state superintendent of public instruction and for the further reason that such high school will be erected at a point within twelve miles of the present high school at Sandy, Utah, contrary to the provisions of the statute; that, unless restrained, the board of education will pay such contractor the sum of money specified out of the tax revenues of the Jordan school district to the injury of the taxpayers of such district; and that plaintiff has no good, speedy, or adequate remedy at law. The prayer is that the defendant board of education be restrained and enjoined from paying any money to the individual defendant on the contract, that such individual defendant be restrained and enjoined from receiving any money from the board of education, or show cause why they should not be restrained from carrying out the terms of the contract.

It is urged by the appellant that the provisions of section 4617x, c. 90, Laws Utah 1919, page 279, imposes such a limitation on the power of the school board that it could not lawfully change the location of the high school from the town of Bingham to the town of Copperton, because such last-mentioned location is within twelve miles of a high school located at Sandy, Utah. The section relied on is as follows:

"Whenever a majority of the taxpayers of any voting precinct or precincts having a school population of not less than 1200, within any county school district of the first class shall petition the Board of Education for the establishment and maintenance of a high school within such precinct or precincts, the Board of Education shall establish within the territory embraced in such precinct or precincts, within one year thereafter, a standard high school; provided, that the junior and senior years of such high school may not be established until the number of students in such years justify such establishment as recommended by the State Board of Education; provided, further, that no petition shall be considered from any precinct, any part of which is within five miles of an established high school and that no such high school shall be located within twelve miles of any existing high school; and, provided, further, that the provisions of this Act shall not be construed to prevent the establishment of high schools by Boards of Education independent of petition."

The general powers of boards of education in Utah school districts of the first class are specified in section 4617, Comp. Laws Utah 1917, as amended by chapter 45 of the Laws Utah 1929, page 60. Among the powers therein conferred are the following:

"The board of education shall have the power and authority to purchase and sell schoolhouse sites and improvements thereon; to construct and erect school buildings and to furnish the same; to establish, locate, and maintain kindergarten schools, common schools, consisting of primary and grammar grades, high schools, and industrial or manual training schools. * * *"

By the last-mentioned section, the statute has conferred plenary power on the defendant board of education to locate, build, and maintain high schools within school districts at any place which the board in its discretion may determine

to be proper and advisible. This general power is, of course, subject to statutory limitations with respect to taxation, indebtedness, budgets, and other matters of finance. We are unable to see that section 4617x imposes any limitation with respect to the location of a high school within twelve miles of any other high school maintained by such board of education, where such school is located by the board of education within the exercise of its general powers. The purpose and intent of section 4617x is clearly not a limitation on the general powers of the board, but is rather a delegation of power to a majority of the taxpayers of any voting district or precinct having a school population of not less than 1,200, to, by petition, compel the establishment and maintenance of a high school within such district by the board of education. The provision that no such high school shall be located within twelve miles of any existing high school and the other conditions in that section enumerated are limitations on the power of the taxpayers of the district to compel action by the board of education, but are in no sense a limitation on the general powers of the board of education as enumerated in section 4617. That this is the legislative intent is made clear by the proviso at the end of section 4617x as follows:

"And, provided, further, that the provisions of this Act shall not be construed to prevent the establishment of high schools by Boards of Education independent of petition."

There is no allegation in the complaint that the high school in question was established in pursuance of any petition of taxpayers; hence the action of the board in choosing its location is not controlled by the limitations found in section 4617x.

The next question is whether the approval of plans and specifications by the state superintendent of public instruction must, under the statute, be regarded as a condition precedent to the calling for bids for the construction of a school building. We are satisfied

the act does not so provide. Section 1 of chapter 94, Laws Utah 1921, provides:

"No school building or addition thereto shall hereafter be contracted for or erected in any school district in this state, not included in cities of the first and second class, the cost of which exceeds $5000.00, until the plans and specifications for the same shall have been submitted in duplicate to the state superintendent of public instruction and his approval endorsed thereon. One copy of each such approved plans and specifications shall remain on file in the office of the state superintendent of public instruction."

Other sections of the same chapter require that the state superintendent of public instruction shall formulate a Code to govern the preparation of all plans and specifications of school buildings, which shall include standards of construction, heating, ventilation, sanitation, lighting, safety from fire, protection from other dangers, and for promoting the health and safety of the occupants. The superintendent is charged with the enforcement of the act, and to that end may employ architects to examine plans and specifications.

By the allegations of the complaint it is made to appear that the plans and specifications of the Copperton High School were submitted to the state superintendent of public instruction and by him approved between the time when bids were called for and the date when the contract was formally entered into between the defendant school board and the individual defendant. The language of the statute is that

"No school building or addition thereto shall hereafter be contracted for or erected * * * until the plans and specifications for the same shall have been submitted in duplicate to the state superintendent of public instruction and his approval endorsed thereon."

There is no requirement in the statute that the plans and specifications be submitted and approved before the bids are called for by advertisement. It would undoubtedly be better practice to obtain such approval before bids are invited or received. Possible complications or delays might be avoided if approval of plans and specifications is obtained

before advertising for bids, but there is nothing in the statute which requires that this be done. The statutory requirement is met by approval of plans and specifications before the contract is executed.

The judgment of the district court of Salt Lake county is affirmed; costs to respondents.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.